

KM

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein* <br> *United States Attorney* <br><br> *John W. Sippel, Jr.* <br> *Assistant United States Attorney* | *36 South Charles Street* <br> *Fourth Floor* <br> *Baltimore, Maryland 21201* | *DIRECT: 410-209-4807* <br> *MAIN: 410-209-4800* <br> *FAX: 410-962-3124* <br> *TTY/TDD: 410-962-4462* <br> *John.Sippel@usdoj.gov* |

January 22, 2010

Joseph H. Young, Esquire
Hogan & Hartson LLP
111 South Calvert Street
Baltimore, Maryland 21202

      Re:    United States v. Kevin Shird
                Criminal no. RDB-10-0709

Dear Mr. Young:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **February 12, 2010**, it shall be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.     The Defendant agrees to waive indictment and to plead guilty to a Criminal Information which will charge him with Fraud in Connection with Identification Documents, in violation of 18 U.S.C. § 1028(a)(7). The Defendant admits that he is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

      2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

      From in or about July 2006, through in or about October 2006, in the District of Maryland,



Joseph H. Young, Esquire
January 22, 2010
Page 2

    (i) the Defendant knowingly and unlawfully transferred, possessed, or used, without lawful authority, a means of identification of another person;

    (ii) with the intent to commit, or to aid and abet, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under state law; and

    (iii) the transfer, possession, or use of the means of identification was in or affected interstate commerce.

## Penalties

3.    The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is as follows: five (5) years imprisonment; a $250,000 fine; and a period of supervised release of three (3) years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Joseph H. Young, Esquire
January 22, 2010
Page 3

unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.        If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.        The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.        If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.        By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.        If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.        By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

5.        The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the

Joseph H. Young, Esquire
January 22, 2010
Page 4

advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth at Attachment A, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. Pursuant to U.S.S.G. § 2B1.1(a), the base offense level is 6.

   b. Pursuant to U.S.S.G. § 2B1.1(b)(1)(A), the base offense is increased by 0 levels because the Defendant's gain was less than $5,000.00.

   c. Pursuant to U.S.S.G. § 2B1.1(b)(2), the base offense level is increased by two (2) levels because the offense involved more than 10 victims.

   d. Pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(i), the offense level is increased to a level twelve (12) because the offense involved the unauthorized transfer of a means of identification unlawfully to produce other means of identification.

   e. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

   d. Based on the foregoing, the adjusted offense level is **10**.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

Joseph H. Young, Esquire
January 22, 2010
Page 5

8. This Office and the Defendant agree that with respect to the calculation of advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence outside of the advisory guidelines range, he will notify this Office no later than 14 days before sentencing of any factors under 18 U.S.C. § 3553(a) he intends to raise.

### Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend a sentence at the low end of the applicable guidelines range.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of **10**, and (ii) this Office waives any right to appeal from any sentence within or above the advisory guidelines range resulting from an adjusted base offense level of **10**.

*[Handwritten annotation:]* Both sides waive their respective rights to appeal whatever sentence is imposed by the Court, whether ~~above~~ above or below the applicable guideline range. *[Initialed: KS]*

*[Signatures/initials in margin]*

Joseph H. Young, Esquire
January 22, 2010
Page 6

      c)     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

      d)     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation Officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including

Joseph H. Young, Esquire
January 22, 2010
Page 7

the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

14.     This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
John W. Sippel, Jr.
Assistant United States Attorney

Joseph H. Young, Esquire
January 22, 2010
Page 8

  I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9-30-10
Date

Kevin Shird

  I am Kevin Shird's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/30/10
Date

Joseph H. Young, Esquire

**Attachment A**

The United States would prove the following facts beyond a reasonable doubt at trial:

In or around July 2006, the Defendant was released from the Bureau of Prisons to the Volunteers of America ("VOA"), a halfway house, after serving a sentence for a federal drug conviction. The Defendant was on supervised release for a term of three years. While at the VOA, the Defendant was hired by Madison Funding, Inc., a local mortgage company in Baltimore, Maryland. While at the mortgage company, the Defendant had access to the credit reports of individuals applying for a mortgage.

Also while at the VOA, the Defendant was introduced to Nekia Hunter, who was interested in buying credit reports. Over the course of four months, the Defendant stole credit reports from the mortgage company for which he was working and sold them to Hunter for cash. The credit reports contained the name, address, social security number, and other means of identification of persons who had applied for a mortgage. Over the course of four months, the Defendant sold Hunter between 20-30 credit reports for approximately $150.00 per credit report.

The transfer, possession, or use of the means of identification described herein was in or affected interstate commerce

_____
John W. Sippel, Jr.
Assistant United States Attorney

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

9-30-10
Date

_____
Kevin Shird

I am Kevin Shird's attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

9/30/10
Date

_____
Joseph H. Young, Esquire